IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REGINAL MARCELLIUS BOYD | CR. No. 0:09-198-JFA<br><br>**ORDER ON § 2255 PETITION** |

The defendant in this action, Reginal Marcellius Boyd, was indicted on a single count indictment charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On October 21, 2009, Boyd pled guilty to the charge without a plea agreement. At the sentencing hearing conducted on March 18, 2010, the court heard two objections to the Presentence Investigation Report (PSR). The court overruled one objection and sustained the other, arriving at a sentencing guideline range of 57 to 71 months. Boyd was sentenced to a term of 65 months, near the mid-point of the applicable guideline range.

After an unsuccessful appeal to the United States Court of Appeals for the Fourth Circuit, Boyd returns to this court with a petition to vacate his sentence under 28 U.S.C. § 2255. The government has responded and opposes the motion. For the reasons which follow, the court has determined that an evidentiary hearing is not necessary, and that the § 2255 petition lacks merit and should be denied.

PROCEDURAL HISTORY

Following Boyd's guilty plea, the United States Probation Office prepared a PSR for Boyd. The PSR attributed a total of eight criminal history points to Boyd, which

placed him in criminal history category IV. Of the total points, the PSR attributed three points for a 1992 conviction for criminal conspiracy (the "conspiracy offense"), and three points for a 1998 conviction for possessing crack cocaine and marijuana with intent to distribute and failure to stop for a blue light (the "PWID offense"). Boyd committed the PWID offense in 1996 while he was still on probation for the conspiracy offense. Boyd was convicted and sentenced for the PWID offense to a term of two and one-half years imprisonment on the same day his probation was revoked for the conspiracy offense. Boyd received a two-year revocation which to run concurrent with the sentence imposed on the same day for the PWID offense.

The PSR calculated Boyd's total offense level to be 25. This calculation included a four-level enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(6) for using a firearm in connection with another felony offense (the "firearm offense"). Based upon an offense level of 25 and a criminal history category of IV, the PSR determined Boyd's advisory guideline range to be 84 to 105 months.

Boyd's attorney, Katherine Evatt, filed two objections to the PSR. First, counsel objected to counting the conspiracy offense and the PWID offense as separate convictions given that the sentence for both offenses was imposed on the same day for the same conduct. She argued that this constituted double-counting. Evatt also objected to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6).

At the March 2010 sentencing hearing, the court overruled the first objection, finding application note 11 to U.S.S.G. § 4A1.2 directly on point. That application note

provides that when a probation revocation and another sentence for a new criminal conviction are imposed on the same day, they are to be computed separately.

The court then received testimony on the issue of whether Boyd pointed or presented the firearm. Evidence at the hearing showed that Boyd removed a gun from the trunk of a car in view of other people. After receiving this testimony, the court continued the hearing to allow other witnesses to be brought in from whom the court wished to hear. The sentencing hearing resumed on April 20, 2010. After hearing all the testimony, the court sustained Boyd's second objection, determining that removing a gun from the trunk of a car and placing it on the front seat in the presence of third parties did not constitute pointing and presenting a firearm. The court did indicate at the time, however, that it would consider the conduct of removing the gun from the trunk of the car in the presence of third parties as a factor to be considered in determining the appropriate sentence in this case. As indicated above, after removing the four points allocated for pointing and presenting a firearm, the court sentenced Boyd to the mid-point of the new sentencing guideline range.

After judgment was entered in this case, Evatt continued to represent Boyd on appeal. In her brief, Evatt argued that it was error for this court to increase Boyd's sentence beyond the low-end guideline range based upon the conduct with the gun, given that the court had already found that Boyd did not point or present the gun. Boyd filed a *pro se* supplemental brief raising the double-counting issue that Evatt had raised in the district court. Eventually, the Fourth Circuit issued an unpublished opinion rejecting both

3

issues and affirming the court's sentence. *See United States v. Boyd*, 404 Fed. App'x 808 (4th Cir. 2010).

In August 2011, Boyd filed the instant petition. The government has responded, and Evatt has submitted an affidavit responding to Boyd's claims. The matter thus appears ripe for this court's review.

## DISCUSSION

In his § 2255 petition,[1] Boyd raises several claims in which he argues that he was denied the effective assistance of counsel. In order to prevail on an ineffective assistance claim, the Petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89. In addition to showing ineffective representation, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. It appears the petition is timely.

4

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

After carefully reviewing the record in this case, the petitioner's arguments, and the government's response, the court concludes that none of Boyd's claims withstand analysis under *Strickland*.

### *The Failure to Appeal the Double-Counting Issue*

This ground of error merits little discussion. Katherine Evatt, an Assistant Federal Public Defender with over 20 years of experience in this district, made a calculated decision not to raise the double-counting issue on appeal because she deemed it frivolous. In spite of this, Boyd raised the issue in his *pro se* brief, and the Court of Appeals rejected it. Boyd offers no real analysis of why this court's straight forward application of the sentencing guideline and application note was in error. Because the claim was, in fact, raised by Boyd in his *pro se* supplemental brief, and because this court finds that the claim utterly lacks merit in any event, there was no ineffective assistance of counsel when Evatt decided not to include this claim on appeal.

### *The Failure to File a Suppression Motion*

Boyd argues that Evatt should have moved to suppress incriminating statements he made after being stopped by a Fairfield County Sheriff's Deputy, as well as evidence that was obtained as a result of his statements. Boyd contends that the Deputy unlawfully arrested him in the yard of his parents' home and questioned him without first providing Miranda warnings. According to Boyd, he explained to Evatt the "series of events" involved in his arrest and asked her to file a suppression motion.

5

In her affidavit in response, Evatt states that Boyd "wished to plead guilty and never expressed any concern about either the statements or the search of his vehicle." Evatt also avers that she did not "see any search or Miranda issues."

As indicated above, Evatt is an experienced federal public defender, well-versed in the law of both arrest and search and seizure. During the guilty plea colloquy, the following exchanges occurred between this court and the defendant:

> Q. Now Mr. Boyd, have you had an ample opportunity to discuss your case with your attorney?
>
> A. Yes, sir.
>
> Q. Are you satisfied with Ms. Evatt's representation?
>
> A. Yes, sir.
>
> Q. Has she done everything that you have asked her to do for you?
>
> A. She has.
>
> Q. Is there anything that you need for her to do for you at this time before you — before we go any further in this case?
>
> A. No, sir.

(Transcript of Guilty Plea Hearing at 4).

Boyd's solemn pronouncement made under oath at his guilty plea hearing—that Evatt had done everything that he had asked her to do for him—forecloses any argument at this time that Evatt failed to respond to Boyd's requests.

### *The Failure to Move for an Amendment of the PSR*

In his final ground for relief, Boyd claims that he "repeatedly asked Ms. Evatt to have his PSR amended to reflect that the objection to the 'pointing and presenting' issue

6

was sustained." He contends that the original PSR, which suggested that he be held accountable for possessing a weapon in connection with pointing and presenting that same weapon, has caused him to be placed at a higher security facility.

This problem has arisen because of a practice—which appears to be standard in this district—that when an objection to a factual matter in a PSR is sustained, the PSR remains as written, and the fact that the offending language has been stricken is contained in the court's statement of reasons. Neither Probation Officer Salley or attorney Evatt had anything to do with the formation of this policy in the District of South Carolina. Nevertheless, according to Evatt's affidavit, both she and Salley have called and written to the Bureau of Prisons (BOP) that the enhancement is not applicable in Boyd's case, but, inexplicably, the BOP allegedly continues to use it against Boyd in his custody level determination.

On this record, the court finds no ineffective assistance of counsel which would warrant the vacating of Boyd's plea and sentence. It does, however, appear that this court should notify the BOP to make it clear that the enhancement, although technically in the text of the PSR, does not apply to Mr. Boyd, and that any resulting increase in his security level based upon the enhancement represents an incorrect reading of the PSR. To this end, the court will enter a separate order which will be sent to the BOP clarifying this issue for the BOP. The court hastens to add, however, that there may be other reasons (such as Boyd's behavior while in prison and other factors) that may cause his security level to be enhanced. The court will, however, by way of the aforementioned

order, make its position on the PSR clear so that the BOP will not be laboring under a misunderstanding of what the PSR consists.

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 petition should be denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 3, 2012                         Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

8