IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 0:09-198-JFA |
| | ) | |
| v. | ) | ORDER ON MOTION |
| | ) | TO ALTER OR AMEND |
| REGINAL MARCELLIUS BOYD | ) | |
| _____ | ) | |

On December 3, 2012, this court entered an order denying the petition by the defendant for relief under 28 U.S.C. § 2255. Defendant Reginal Boyd thereafter filed a motion to reconsider, contending that this court overlooked one of his claims. Specifically, he contended that the court had overlooked his claim that his attorney, Assistant Federal Public Defender Katherine Evatt, had "coerced" him into signing a "false confession" in this case. The court acted on the motion in an order entered on January 24, 2013. In that order, the court pointed out that the transcript of the change of plea hearing revealed Boyd's indication to this court, under oath, that he was entirely satisfied with the services of his attorney. Based upon that representation, the court denied the motion to reconsider.

Boyd returns to this court contending that the court has once again misconstrued his claim. He now explains that the letter that was allegedly coerced out of him by his defense attorney was a letter written to the United States Probation Office *subsequent to* the change of plea colloquy. He contends that in this letter, he admitted ownership of the gun in question whereas he "testified in court under oath that [he] received the weapon the night before from [his] cousin to keep him out of trouble, in complete contradiction to the letter" allegedly

1

composed by Ms. Evatt.

Once again, resort to the transcript of the change of plea colloquy is fatal to the defendant's claim. The defendant did not, in fact, "testify" at the guilty plea hearing. Rather, he confirmed that he understood the essential elements of the charge of being a felon in possession of a firearm, and indicated that the prosecutor's summary of the events surrounding his possession of the weapon were correct. This summary, to which Boyd assented, contains no reference to the fact that he was keeping the firearm for someone else to keep the other person out of trouble. The only caveat placed upon the prosecutor's recitation of the facts was Ms. Evatt's assertion that the prosecutor's summary of the facts referred to Boyd "pointing and presenting" the firearm at someone, a charge which was the subject of a parallel state proceeding. She indicated that the defendant did not admit "pointing and presenting" but that he agreed with the remainder of the prosecutor's remarks. The court accepted Ms. Evatt's correction of the facts in this respect, and did not assume that Boyd pointed and presented the firearm for purposes of accepting the guilty plea or imposing sentence. The court did, however, accept Boyd's uncontradicted agreement that the prosecutor had correctly summarized the facts, including a knowing possession of the firearm by Boyd. Thus, even if a letter was subsequently authored by Ms. Evatt on behalf of Boyd, the letter was obviously an attempt to gain an acceptance of responsibility benefit under the sentencing guidelines.

For the foregoing reasons, the court reaffirms its earlier order denying the petition in this case. The defendant's motion to alter or amend (ECF No. 113) is denied.

IT IS SO ORDERED.

February 26, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge